IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES L. STRINGER,
      Plaintiff,

vs.                                 Case No.: 5:11cv1/RS/EMT

JOHN DOE, et al.,
      Defendants.
_____/

## O R D E R

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). His second amended complaint (Doc. 20) is presently under review by the undersigned. Also pending is Plaintiff's "Motion of Recusal" requesting recusal of the undersigned from this case (Doc. 21).

Plaintiff seeks recusal under 28 U.S.C. §§ 144, 455 (*see* Doc. 21, attached "Affidavit of Recusal"). As grounds for Plaintiff's motion to recuse, he alleges this case is pending in the Panama City Division of this district, but the undersigned was appointed to the Pensacola Division (*id.*). He additionally alleges the undersigned harassed him by requiring him to file an amended complaint on the court-approved form (*id.*).[1] Plaintiff also asserts the undersigned is biased because he inferred from the language of previously issued orders that the undersigned pre-determined the credibility of the parties (that Defendants were more credible than Plaintiff) and the outcome of this case (*id.*). In support of his motion, Plaintiff submitted an affidavit stating, "The Judge has harassed the plaintiff since her first Order, by stating that plaintiff has to put his complaint in layman term [sic]

---

[1] Plaintiff alleges the undersigned erroneously instructed him to file his complaint on a form intended for prisoners. Plaintiff is mistaken. The undersigned explicitly instructed the clerk of court to send Plaintiff the form for use by non-prisoners (*see* Docs. 4, 7).

if he want [sic] her to issue process and have the defendants served with a summons and complaint!" (Doc. 21, attached "Affidavit of Recusal").

In the Eleventh Circuit, Sections 144 and 455 must be construed in pari materia.  *See* Parrish v. Bd. of Com'rs of Ala. State Bar, 524 F.2d 98, 102–03 (5th Cir. 1975).[2]  Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Section 455 provides, in relevant part:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

28 U.S.C. § 455(a, b(1)).  Under § 455(a), the standard is objectively based on whether a reasonable individual could conclude based on all the facts that the judge's impartiality could be questioned, that is, whether the facts establish that the appearance of partiality exists.  *See id.* § 455(a); Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir. 1988).  Whereas, § 455(b), like § 144, requires a showing of actual partiality.  *See* Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004) (unlike motion under Section 455(a), which simply requires reasonable appearance of bias, motion under Section 144 requires showing of actual bias, which only personal animus or malice on part

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

of judge can establish).  In either case, the moving party must allege facts supporting his contention; thus, he must allege facts from which a reasonable person could conclude that the judge's impartiality could be questioned, or facts that establish that a particular ground for disqualification actually exists.  Additionally, bias sufficient to disqualify a judge must be personal rather than judicial unless the judicial conduct "reveal[s] an antipathy . . . intense enough to make fair judgment impossible."  Onishea v. Hopper, 126 F.3d 1323, 1340, (11th Cir. 1997), *vacated on other grounds*, 133 F.3d 1377 (11th Cir. 1998); *see also* First Alabama Bank of Montgomery v. Parsons Steele, 825 F.2d 1475 (11th Cir. 1987); United States v. Meester, 762 F.2d 867, 884–85 (11th Cir. 1985).  It is no basis for disqualification that the judge simply ruled adversely to the movant's cause.  *See* United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990); Jaffe v. Grant, 793 F.2d 1182, 1188–89 (11th Cir. 1986).

In the instant case, the facts contained in Plaintiff's motion and affidavit provide no basis for the belief that bias or prejudice exists.  The undersigned's requiring Plaintiff to comply with Local Rule 5.1(J) by filing his pro se § 1983 complaint on the court-approved form does not suggest bias or prejudice.  Further, the undersigned's fulfilling her statutory obligation to screen the complaint to determine whether this action is frivolous or fails to state a claim upon which relief may be granted does not suggest bias or prejudice.  *See* 28 U.S.C. § 1915(e)(2).  As Plaintiff offers no basis for his claim of bias and prejudice other than the mere fact that the undersigned is performing her statutory duty and enforcing compliance with the Local Rules, he has failed to show that actual partiality exists or that any reasonable individual could conclude, based on these facts, that the partiality of the undersigned could be questioned.  Accordingly, recusal or disqualification is not appropriate, and Plaintiff's motion will be denied.

Accordingly, it is **ORDERED**:

Plaintiff's Motion of Recusal (Doc. 21) is **DENIED**.

**DONE AND ORDERED** this 14th day of June 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**