IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES L. STRINGER,
      Plaintiff,

vs.                                      Case No.:  5:11cv1/RS/EMT

JOHN DOE, et al.,
      Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

      Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil complaint under 42 U.S.C. §§ 1983, 1983, 1985 and 28 U.S.C. § 1343(a)(1) (Doc. 1).  The court granted leave to proceed in forma pauperis (Doc. 4).  Presently before the court is Plaintiff's Second Amended Complaint (Doc. 20).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).  However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See* <u>Oladeinde v. City of</u>

Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that dismissal of this action is warranted.

I.      RELEVANT ALLEGATIONS

        Plaintiff names six Defendants in this action:  John Doe, father of "Smoking hot body"; Shane Schiller, Manager of Vortex Diving Center; John Doe, owner of Vortex Diving Center; Tim Brown, Sheriff of Holmes County, Florida; Stacy Paul, Deputy Sheriff; and Jeremy French, Deputy Sheriff (Doc. 20 at 1–3).[2]  Plaintiff alleges that on June 24, 2010, he and his son drove to Vortex Springs and paid Vortex Diving Center $225.45 to rent a campsite and dive gear from June 24–27 (*id.* at 7).  Plaintiff states that on the afternoon of June 26, as he was walking to the water to dive, a girl stepped in front of him (*id.* at 7–8).  Plaintiff told the girl she had a "smoking hot body" (*id.* at 8).  The girl smiled and then somewhat obstructed Plaintiff's access to the water (*id.*).  Plaintiff initiated conversation, and when the girl opened her mouth, Plaintiff saw that she had braces on her

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

teeth (*id.*).  Plaintiff remarked, "You know that with those braces on, no one is going to want to kiss you or ask you out on a date, you messed up!" (*id.*).  The girl left, and Defendant Paul approached Plaintiff and asked if he (Plaintiff) told the girl she has a smoking hot body (*id.*).  Plaintiff responded yes, and Defendant Paul told him that his comment constituted sexual harassment (*id.*).  Plaintiff responded, "When did I push a woman up against a wall and tell her I would not let her go until she has sex with me? . . . If you think I was sexual [sic] harassing someone, you need to call a policeman" (*id.*).

When Plaintiff finished his dive, Defendant Paul told him he needed to go to the dive shop because the girl's father wanted to talk to him (*id.* at 9).  Plaintiff arrived at the dive shop, and Defendant Paul and the girl's father, Defendant John Doe, began yelling and cursing at him for sexually harassing the fifteen-year-old girl (*id.*).  Defendant Paul and the girl's father then threatened to beat up Plaintiff (*id.*).  Defendant Schiller, the manager of the dive shop, told Plaintiff he too would beat him up if he sexually harassed his daughter (*id.*).  Plaintiff argued with Defendants, denying that his conduct constituted sexual harassment (at one point, Plaintiff supported his argument with the fact that he impregnated his son's mother when she was only fifteen) (*id.*).  Plaintiff then demanded  that Defendants Schiller, Paul, the girl's father, and the girl provide their names and verify the girl's age (*id.*).  He also demanded that someone call law enforcement because he wanted to sue them for their behavior (*id.*).  Eventually, Defendants Schiller, Paul, and the girl's father demanded that Plaintiff leave, but Plaintiff refused until he received a refund of the funds he had paid for renting the campsite that evening (approximately $100.00) (*id.* at 9, 12).  Defendant Schiller told Plaintiff he could stay if he apologized to the girl, but Plaintiff refused and again demanded a refund (*id.* at 10).  At some point during this argument, Defendant Paul apparently stated he was a deputy sheriff (*see id.* at 9–10).

Plaintiff and his son returned to their campsite to pack their gear (*id.* at 10).  While they packed, Defendant Paul "stood over" them with a canister of mace, and a crowd of people looked on (*id.*).  Defendant Paul also told two teenaged girls, who Plaintiff and his son apparently invited to their campsite, to leave the campsite (*id.*).  Plaintiff demanded proof that Defendant Paul was a deputy, and Plaintiff and Defendant Paul went back to the dive shop (*id.*).  Defendant Paul momentarily left and then returned with a deputy's photo identification (*id.*).  Plaintiff asserts the picture did not resemble Defendant Paul, and Paul refused to allow Plaintiff to hold the identification

card to more closely examine it (*id.* at 10–11).   Plaintiff and Defendant Paul then returned to Plaintiff's campsite, and Paul watched Plaintiff pack his belongings "in violation of [Plaintiff's] rights to see a search warrant" (*id.* at 11).   Plaintiff packed his car and drove to the dive shop, where he again demanded a refund (*id.*).   Defendant Schiller denied his request (*id.*).   Plaintiff told a female employee of the dive shop to call the police (*id.*).   Defendant Paul told Plaintiff to leave, so Plaintiff and his son drove down the road (*id.*).   Plaintiff saw a Sheriff's Department vehicle at the end of the road and stopped (*id.*).   Plaintiff asked the deputy, Defendant Deputy French, to accompany him to the dive shop to obtain a refund, and they both drove to the dive shop (*id.*).   Deputy French instructed Plaintiff to stay outside the shop, or he would arrest him (*id.*).   Deputy French went into the dive shop and returned with Defendants Schiller and Paul (*id.*).   Defendant Paul falsely accused Plaintiff of attempting to take the photo identification from him (*id.* at 11–12).   Defendant Schiller refused to refund Plaintiff's money and requested that Deputy French issue Plaintiff a trespass warning, a copy of which Plaintiff attached to his original complaint (*id.* at 12; *see also* Doc. 1, Ex. A).

Plaintiff and his son left the premises and drove to a store (*id.* at 12).   Plaintiff called the Sheriff's Department and stated he wanted a copy of any report that was written about the incident (*id.*).   Plaintiff states Defendant Sheriff Brown assured him he would require Deputy French to write an incident report, and that he would investigate Plaintiff's claim that Defendants Schiller and Paul lied to Deputy French (*id.*).   Plaintiff received a copy of the incident report three days later (*id.* at 12–13).   Plaintiff states Defendant Schiller and Defendant Paul lied in the report by stating (1) they did not know the identities of the girl and her father, (2) Plaintiff told the girl she had a "smoking hot body" after she told him she was fifteen, and (3) Plaintiff attempted to take the photo identification from Paul (*id.*).   Plaintiff states he asked Sheriff Brown to investigate the false statements in the incident report, but Brown refused (*id.*).

Plaintiff claims that Defendants knowingly violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by falsely claiming that Plaintiff sexually harassed a fifteen-year-old girl (*id.* at 15).   He additionally claims Sheriff Brown and Defendant John Doe (the owner of Vortex Diving Center) were grossly negligent in supervising and training their employees to prevent them from engaging in libel, slander, fraud, wire fraud, and breach of contract (*id.*).   As

relief, he seeks compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $500,000.00 from each Defendant (*id.*).

II.    ANALYSIS

The undersigned first addresses Plaintiff's providing false answers to questions on the complaint form.  Section IV of the complaint form provides an area for Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 4–5).[3] Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed" (*id.*).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no."  Plaintiff thus stated that he has <u>not</u> <u>ever</u> had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 17).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways.  It allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; and it allows consideration of whether any ruling in the other action affects the current case.  These factors are appropriately considered in connection with the preliminary review of a complaint under 28 U.S.C. § 1915(e)(2)(B).  Further, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain of the current action.

In this case, the court takes judicial notice of the public dockets of cases filed by Plaintiff in other federal courts.  *See* Fed. R. Evid. 201; *see also* <u>United States v. Berrojo</u>, 628 F.3d 368 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily

---

[3] When Plaintiff commenced this case, he did not file his complaint on the court-approved form, as required by Rule 5.1(J)(2) of the Local Rules for the Northern District of Florida (*see* Doc. 1).  Therefore, the undersigned issued an order directing him to file his complaint on the complaint form approved for use by <u>non-prisoners</u> (*see* Doc. 5).  Upon review of Plaintiff's amended complaint (Doc. 5), the undersigned noted several deficiencies concerning the form and substance of the complaint and, therefore, directed Plaintiff to file a second amended complaint on the complaint form approved for use by <u>non-prisoners</u> (*see* Doc. 7).  The clerk apparently sent Plaintiff the complaint form for use by <u>prisoners</u>; nevertheless, Plaintiff completed and filed his second amended complaint on that form (Doc. 20).

verified fact as proved without requiring evidence to establish it."); *see also, e.g.*, Fernandez-Morales v. Barron, No. 5:06cv1/MCR/EMT, 2006 WL 680819, at *2 (N.D. Fla. Mar. 13, 2006) (unpublished) (district court may take judicial notice of public docket of case in other federal judicial district).   According to those dockets, as of the date Plaintiff filed his complaint in the instant case, January 3, 2011 (*see* Doc. 1), he had previously filed at least twenty cases in federal district courts.[4]  Three of those cases were dismissed as frivolous or malicious.  Stringer v. Funchess, et al., No. 3:06cv223-HTW, 2007 WL 1965431 (S.D. Miss. June 29, 2007); Stringer v. Barnett, et al., No. 3:06cv663-HTW (S.D. Miss. Feb. 2, 2007); Stringer v. Clark, et al., No. 4:93cv103-NBB (N.D. Miss. Mar. 10, 1997).  Indeed, Stringer v. Clark was dismissed as both frivolous and malicious when Plaintiff, on the day of trial, told the court he was leaving and did not intend to prosecute his case after the court denied his motion for continuance based upon his sprained ankle.  Stringer v. Clark, et al., No. 4:93cv103-NBB (N.D. Miss. Mar. 10, 1997).

---

[4] Plaintiff filed fifteen § 1983 cases, six of which he filed while he was a prisoner.  One of the § 1983 cases was closed four years after it was filed based upon a psychiatric report from a court-ordered expert stating that Plaintiff was not competent to proceed with prosecution of the case.  Stringer v. Hoskins, et al., No. 4:93cv149-LTS (N.D. Miss. Aug. 15, 1997).  Another case resulted in a jury verdict for the defendants.  Stringer v. Clark, et al., Case No. 4:93cv80-GHD (N.D. Miss. Mar. 29, 1996).  Eight cases were resolved in favor of the defendants upon their filing dispositive motions.  Stringer v. McAdory, et al., No. 3:91cv745-WHB (S.D. Miss. Apr. 20, 19993); Stringer v. Brown, et al., No. 3:92cv617-HTW (S.D. Miss. Mar. 31, 1993); Stringer v. McMillin, et al., No. 3:95cv171-DCB (S.D. Miss. Nov. 27, 1995); Stringer v. McDaniels, et al., No. 3:99cv686-HTW (S.D. Miss. Sept. 28, 2001); Stringer v. Herbert, No. 3:01cv513-WHB (S.D. Miss. Aug. 29, 2002); Stringer v. Alben, et al., No. 3:01cv820-WHB (S.D. Miss. Mar. 14, 2003); Stringer v. Daniels, et al., No. 3:03cv1297-WHB (S.D. Miss. Mar. 25, 2005); Stringer v. Woolsey, et al., No. 2:10cv48-KJD (D. Nev. Jan. 25, 2011).  Plaintiff voluntarily dismissed two cases.  Stringer v. McMillin, et al., No. 3:95cv66-HTW (S.D. Miss. Sept. 19, 1995); Stringer v. Fortner, No. 3:95cv757-WHB (S.D. Miss. Mar. 22, 1996).

Plaintiff additionally previously filed three habeas cases in the federal district courts, all of which were denied.  Stringer v. Hargett, No. 3:92cv355-TSL (S.D. Miss. Sept. 1, 1992); Stringer v. Hargett, No. 3:92cv407-TSL (S.D. Miss. Sept. 10, 1992); Stringer v. McMillin, No. 3:95cv102-HTW (S.D. Miss. Aug. 12, 1996).  He also filed two complaints seeking review of federal administrative decisions, both of which were denied.  Stringer v. Comm. of Social Security, No. 3:04cv975-HTW (S.D. Miss. May 31, 2006); Stringer v. Astrue, No. 3:08cv730-HTW (S.D. Miss. Mar. 30, 2010).

The plaintiff's name in each case was Charles L. Stringer or Charles Lavel Stringer, which is Plaintiff's name (*see* Doc. 1 at 17, Ex. A).  The plaintiff's address of record in each case was 136 Kimbrough Drive, Jackson, Mississippi, 39204, which is Plaintiff's address (*see id.*).  Also, in the previous cases where the plaintiff's telephone number appears on the docket (six cases filed in the Southern District of Mississippi and one case filed in the Northern District of Mississippi), the telephone number, (601) 373-3656, is the same as Plaintiff's (*see id.*).

Additionally, Plaintiff previously filed fifteen cases in the United States Court of Appeals for the Fifth Circuit.[5]  Four of those cases were dismissed as frivolous or for lack of jurisdiction. Stringer v. Barnett, No. 08-60259, 303 Fed. Appx. 244 (5th Cir. 2008); Stringer v. Hoskins, No. 94-60437, 48 F.3d 530 (5th Cir. 1995); Stringer v. McMillin, 20 F.3d 466 (5th Cir. 1994); Stringer v. Clark, No. 96-60349, 120 F.3d 265 (5th Cir. 1997) (Table).  In Stringer v. Barnett, the Fifth Circuit warned Plaintiff that future filings of repetitious or frivolous appeals may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file papers in that court and any court subject to the Fifth Circuit's jurisdiction.  303 Fed. Appx. 244.

Plaintiff also previously filed at least six petitions for certiorari review in the United States Supreme Court.  Stringer v. McMillin, No. 93-9740, 513 U.S. 863, 115 S. Ct. 177, 130 L. Ed. 2d 113 (Oct. 3, 1994); Stringer v. McDaniels, No. 02-10560, 540 U.S. 831, 124 S. Ct. 71, 157 L. Ed. 2d 57 (Oct. 6, 2003);  Stringer v. Herbert, No. 03-7345, 540 U.S. 1124, 124 S. Ct. 1088, 157 L. Ed. 2d (Jan. 12, 2004); Stringer v. Alben, No. 03-10837, 543 U.S. 853, 125 S. Ct. 298, 60 L. Ed. 2d 87 (Oct. 4, 2004); Stringer v. Daniels, No. 06-5790, 549 U.S. 961, 127 S. Ct. 399, 166 L. Ed. 2d 283 (Oct. 10, 2006); Stringer v. Lowe, No. 06-11720, 552 U.S. 860, 128 S. Ct. 143, 169 L. Ed. 2d 98 (Oct. 1, 2007).  The Court denied review in all of those cases.  The Supreme Court finally sanctioned Plaintiff for repeatedly abusing the Court's process by directing the Clerk not to accept any further petitions in noncriminal matters from Plaintiff unless he paid the docketing fee and submitted his petition in compliance with Rule 33.1 of the Rules of the Supreme Court.  Stringer v. Astrue, No. 07-8461, 552 U.S. 1228, 128  S. Ct. 1451, 170 L. Ed. 2d 272 (Feb. 25, 2008).  While the petitions filed in the Supreme Court may not qualify as federal actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service, the undersigned mentions them to show Plaintiff's history as an abusive litigant.

---

[5] The appellate court dismissed one case, Stringer v. McMillin, Case No. 95-60015, for lack of prosecution. The court affirmed the decision of the district court in ten other cases.  Stringer v. Funchess, No. 08-60265, 291 Fed. Appx. 617, 618–20 (5th Cir. 2008); Stringer v. Astrue, No. 07-60151, 252 Fed. Appx. 645, 646–50 (5th Cir. 2007); Stringer v. May, No. 06-60518, 212 Fed. Appx. 375, 376 (5th Cir. 2007); Stringer v. Daniels, 182 Fed. Appx. 350 (5th Cir. 2006); Stringer v. Alben, No. 03-60425, 89 Fed. Appx. 449, 450–53 (5th Cir. 2004); Stringer v. Herbert, No. 02-60897, 71 Fed. Appx. 341, 342 (5th Cir. 2003); Stringer v. McDaniels, No. 02-60332, 64 Fed. Appx. 416 (5th Cir. 2003); Stringer v. McDaniels, No. 00-60527, 252 F.3d 436 (5th Cir. 2001); Stringer v. Campbell, No. 93-7650, 30 F.3d 1492 (5th Cir. 1994); Stringer v. McAdory, No. 93-7530, 42 F.3d 642 (5th Cir. 1994) (Table).

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  Although the clerk may have erroneously sent him the complaint form for use by prisoners instead of non-prisoners (the form for non-prisoners does not require disclosure of prior actions), Plaintiff did not obtain the correct form from the clerk or the court's website, nor did he simply leave Section IV blank and indicate that it did not apply to him.  Instead, he completed, signed, and filed the form, and he knew, or from reading the complaint form should have known, that dismissal of the action may result from his untruthful answers to questions on the form.[6]  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as detailed above. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purposes for which candor with the court is required. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[7]  *See, e.g.*, Finfrock v. State of Florida, 2009 WL 3429789, at *2 (M.D. Fla. Oct. 21, 2009) (§ 1983 action filed by non-prisoner subject to dismissal without prejudice for abuse of judicial process where plaintiff stated in complaint there were no other lawsuits in any court at that time concerning same facts and issues involved in instant action, plaintiff signed complaint under penalty of perjury, and court took judicial notice that plaintiff filed nearly identical lawsuit on same date in same court).  Plaintiff is also warned that such false responses or statements, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[6] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 20 at 4) (emphasis and capitalization in original).

[7] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file this matter if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Nevertheless, turning to the merits of Plaintiff's claims, this action is subject to dismissal because it is frivolous and otherwise fails to state a claim upon which relief may be granted.  It is well recognized that in any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276–77 (11th Cir. 2003). Further, in order for liability under § 1983 to be imposed, the plaintiff must establish proof of an affirmative causal connection between a defendant acting under color of state law and the constitutional deprivation alleged.  Troupe v. Sarasota County, 419 F.3d 1160, 1165 (11th Cir. 2005).

A private party does not normally act under color of state law and is therefore not subject to suit under § 1983.  *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970); Focus on the Family, 344 F.3d at 1277.  The Eleventh Circuit recognizes three tests for establishing whether the actions of a private entity are properly attributed to the state:  the public function test, the state compulsion test, and the nexus/joint action test.  *See* Focus on the Family, 344 F.3d at 1277.  The public function test is satisfied when private actors perform a function that is "traditionally the exclusive prerogative of the state." *Id.* (citation and quotation omitted).  The state compulsion test is met when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional.  *Id.*  The nexus/joint action test is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action. *Id.*

In the instant case, the facts do not suggest that either John Doe Defendant (the young lady's father or the owner of Vortex Diving Center) was acting under color of state law.  Furthermore, the mere fact that Defendant Paul was an off-duty deputy does not transform his actions into

government action.  *See* <u>Chapman v Higbee Co.</u>, 319 F.3d 825, 833–34 (6th Cir. 2003); <u>Wade v. Byles</u>, 83 F.3d 902, 905 (7th Cir. 1996); <u>Gallagher v. Neil Young Freedom Concert</u>, 49 F.3d 1442, 1457 (10th Cir. 1995); <u>White v. Scrivner Corp.</u>, 594 F.2d 140, 142–43 (5th Cir. 1979).  Moreover, Plaintiff has failed to allege facts showing a sufficiently close nexus between Holmes County and the conduct of any private party Defendant, such that the Defendant's conduct may be fairly attributed to the municipality itself.  Therefore, Plaintiff's claims against Defendants Paul, Schiller, and the John Doe Defendants should be dismissed.

Assuming for argument's sake that Defendant Paul was a state actor, Paul's watching Plaintiff while he packed his belongings did not constitute a search or seizure for Fourth Amendment purposes.  Additionally, Plaintiff's allegations fail to state a due process violation.  Although Plaintiff argues he was deprived of his property (the $100.00 rental fee for the campsite), the deprivation was not committed by Defendant Paul.  Defendants John Doe (the owner of the diving center) and Schiller (the manager) refused to refund Plaintiff's money.  Further, Plaintiff does not allege facts showing he was deprived of his liberty.  To the extent he suggests he had a liberty or property interest in his reputation, courts have held that injury to reputation, even if defamatory, does not constitute deprivation of a constitutional protected liberty interest absent a showing of loss of some tangible interest due to publication of a stigmatizing allegation.  *See* <u>Paul v. Davis</u>, 424 U.S. 693, 711–12, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976); <u>Doe v. Florida Bar</u>, 630 F.3d 1336, 1344 (11th Cir. 2011) (citation omitted).

Plaintiff's allegations also fail to state a claim against the state actor Defendants, Sheriff Brown and Deputy French.  Plaintiff appears to contend Deputy French failed to properly investigate the incident before filing his report, and Sheriff Brown failed to conduct an internal investigation of alleged misconduct by the deputies.  However, a private citizen has no substantive due process right to a law enforcement investigation or an internal investigation by the Sheriff's Department.  *See* <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); *see also* <u>Flores v. Satz</u>, 173 F.3d 1275, (failure to properly investigate does not violate constitutional rights).

Plaintiff has also failed to state a claim of failure to train or supervise against Sheriff Brown.  "Although the Supreme Court has held that counties (and other local government entities) are 'persons' within the scope of § 1983, and subject to liability, [a plaintiff'] cannot rely upon the

theory of respondeat superior to hold [a government officer acting in his official capacity] liable." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  "'It is only when the 'execution of the government's policy or custom inflicts the injury' that the municipality may be held liable.'"  Id. (citing City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.   412 (1989)).  "A [county] does not incur § 1983 liability for injuries caused solely by its employees."  Id. (citing Monell, 436 U.S. at 694).  "Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability."  Id. (citing Bd. of County Com'rs v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).  "Instead, to impose § 1983 liability on a municipality, a plaintiff must show:  (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  Id. (citing Canton, 489 U.S. at 388).  In the instant case, Plaintiff has failed to state a constitutional claim against any non-supervisory state actor; therefore, he cannot state a claim against Sheriff Brown.

Finally, Plaintiff has failed to allege facts showing a violation of any other constitutional provision he cites (namely, the First, Sixth, and Eighth Amendments).  Therefore, these claims are likewise subject to dismissal.

Based upon the foregoing, it is respectfully **RECOMMENDED**:

1.     That this action be **DISMISSED without prejudice** for the reasons set forth herein, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

2.     That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 16th day of June 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**